UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN BANKERS INSURANCE
COMPANY OF FLORIDA,

Case No. 2:08-cv-13522

ATLAS ASSURANCE COMPANY
OF AMERICA, n/k/a PEERLESS          Honorable Nancy G. Edmunds
INDEMNITY INSURANCE COMPANY,

MONARCH GENERAL INSURANCE
COMPANY OF OHIO, n/k/a GENERAL
STAR INSURANCE COMPANY,

NORTH AMERICAN COMPANY
FOR PROPERTY AND CASUALTY
INSURANCE, n/k/a XL REINSURANCE
AMERICA, INC.,

     Petitioners,

v.

NATIONAL CASUALTY COMPANY,

     Respondent.

_____/

**ORDER DENYING PETITIONERS MOTION FOR SANCTIONS [19]**

This action is presently before the Court on Petitioners American Bankers Insurance Company of Florida, Peerless Indemnity Insurance Company, General Star National Insurance Company, and XL Reinsurance America Inc.'s ("Petitioners") motion for sanctions based on National Casualty Company's ("National Casualty") motion for dismissal for lack of subject matter jurisdiction and National Casualty's motion to seal the final arbitration award and motion to dismiss. Because Petitioners fail to show that any of

National Casualty's actions have unreasonably or vexatiously multiplied the proceedings, their motion for sanctions is DENIED.

## I.  Facts

Petitioners move for sanctions under 28 U.S.C.A. § 1927.  Initially, they sought sanctions against National Casualty itself.  National Casualty argued, and Petitioners conceded, that sanctions could be levied only against attorneys.  (Resp. at 3-5; Reply at 2-3)  Petitioners now seek sanctions only against National Casualty's local counsel, (Reply at 3), for "costs incurred in opposing [National Casualty's] meritless opposition to the Petition to Confirm the Arbitration Award and the costs incurred in addressing Respondent's motion to seal the Final Award and related motion papers."  (Mot. at 1-2).

Petitioners motion relies on the underlying actions of National Casualty.  National Casualty filed a motion to dismiss for lack of subject matter jurisdiction and concurrently sought to seal their motion as well as the final arbitration award, on which the argument for dismissal was based.  The petitioners did not file a response to the motion to seal, and did not contest the matter when the parties convened via telephonic conference.  The Court determined that the items could be held under seal pending the outcome of the 12(b)(1) motion, at which time the matter would need to be reexamined.  National Casualty's motion to dismiss is before this Court contemporaneously.

## II.  Rule

28 U.S.C.A. §1927 provides:

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees

2

reasonably incurred because of such conduct.

*Id.*

An award of sanctions under section 1927 is discretionary. *Holmes v. City of Massillon*, 78 F.3d 1041, 1049 (6th Cir. 1996). In the Sixth Circuit, section 1927 sanctions are warranted "when an attorney has engaged in some sort of conduct that, from an objective standpoint, falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party. *Id.* (quotation omitted). "[T]he attorney's misconduct, while not required to have been carried out in bad faith, must amount to more than simple inadvertence or negligence that has frustrated the trial judge." *Id.* (citations omitted). An attorney's failure to conduct an inquiry into the basis of a claim does not satisfy the requirement that the actions be unreasonably and vexatiously multiplied. *Ridder v. City of Springfield*, 109 F.3d 288, 298 (1997).

## III. Analysis

### A. Costs for Defending National Casualty's 12(b)(1) Motion

As indicated in the Memorandum regarding National Casualty's motion to dismiss, National Casualty's position is correct on this point, and the 12(b)(1) motion should be granted. However, even if the Petitioners' position were deemed correct, National Casualty still put forth a reasonable and well argued position. Their argument is based in both fact and binding Sixth Circuit case law. *See Ford v. Hamilton Investments, Inc.*, 29 F.3d 255, 257 (1994). As the high standard for sanctions makes clear, merely putting forth a position that ultimately loses does not constitute unreasonable and vexatious multiplication of proceedings.

Furthermore, the petitioners hint that this is sanctionable because they will be forced

3

to bring the same action in state court in order to confirm their arbitration award.  It may be that the confirmation of the award is a foregone conclusion, but National Casualty's Counsel is still well within their province to ensure that their client's rights are litigated in a forum that has proper jurisdiction.

### B. Costs for Addressing National Casualty's Motion to Seal

National Casualty moved to seal the final arbitration award and its motion to dismiss, pending the outcome of that motion.  They argued that public's right of access does not attach, both because the arbitration award was not a judicial document, and because the court did not have proper jurisdiction over the action.  (10/3/08 Corrected Mot. of Resp't to Seal at 2).  Petitioners did not contest the motion, and this Court granted it following a telephonic conference.

National Casualty further noted that the arbitration panel ordered the final award to be confidential, and required that the parties first seek to have the award sealed by the court before disclosing it.  (10/3/08 Corrected Mot. of Resp't to Seal at 2).  Thus, the arbitration, which was premised upon the parties' own agreement, necessitated the motion to seal.  It goes too far to say that a party can never be sanctioned for a motion which was not opposed in the first instance, but these circumstances do not warrant a rare exception. The motion to seal was reasonable, it was based on sound principles of law, and it did not unreasonably or vexatiously multiply proceedings.

### Conclusion

Petitioners' motion for sanctions under 28 U.S.C.A. § 1927 is DENIED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  February 3, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 3, 2009, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager