UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN BANKERS INSURANCE
COMPANY OF FLORIDA,

ATLAS ASSURANCE COMPANY
OF AMERICA, n/k/a PEERLESS
INDEMNITY INSURANCE COMPANY,

MONARCH GENERAL INSURANCE
COMPANY OF OHIO, n/k/a GENERAL
STAR INSURANCE COMPANY,

NORTH AMERICAN COMPANY
FOR PROPERTY AND CASUALTY
INSURANCE, n/k/a XL REINSURANCE
AMERICA, INC.,

     Petitioners,
v.

NATIONAL CASUALTY COMPANY,

     Respondent.
_____/

Case No. 2:08-cv-13522

Honorable Nancy G. Edmunds

**ORDER GRANTING RESPONDENT NATIONAL CASUALTY
COMPANY'S MOTION TO DISMISS [13]**

In 2005, Respondent National Casualty Company ("National Casualty") petitioned this Court for judicial appointment of an umpire pursuant to arbitration agreements entered into with the Petitioners in this action. This Court denied that motion and dismissed the action based on the terms of the arbitration agreement, which specified that petitions to appoint an umpire should be brought in state court. (9/20/05 Order Granting Resp't's Mot. to Dismiss Pet. for Appointment of an Umpire, No. 05-71843). The underlying action was

submitted to arbitration, which resulted in a no-money award, but included limited declaratory provisions.

Petitioners filed a new action to have the award confirmed by this Court. The matter is presently before the Court on National Casualty's motion to dismiss for lack of subject matter jurisdiction. Because the amount in controversy, as determined by the arbitration award, does not meet the threshold required for the Court to exercise diversity jurisdiction, and there is no other basis for subject matter jurisdiction, National Casualty's motion to dismiss is GRANTED.

## I. Background Facts

### A. Initial Case

Although diversity jurisdiction was alleged in National Casualty's Petition for judicial appointment of an umpire, this Court was not called upon to address whether it had jurisdiction under 28 U.S.C.A. §§ 1331 or 1332. Rather, the Court was called upon to interpret the parties' arbitration agreement so as to determine whether an umpire should be appointed, and it determined that the parties agreement did not allow the relief requested. National Casualty's Petition was dismissed so that the parties could pursue arbitration according to the terms of their contract.

### B. Arbitration Award

The parties subsequently submitted the matter to arbitration. The arbitrators issued a five page award that comes to the following relevant conclusions:

1. Respondents [Petitioners in this action] have no obligation to indemnify National Casualty [Respondent in this action] for any of the unpaid losses identified in the schedule annexed to National Casualty's December 31, 2004 demand for arbitration;

2

    2.      Any future claims for indemnification under the 1974 and 1975 Treaties shall be interpreted in a fashion consistent with this award;

\* \* \*

    6.      All other requests for relief by the parties are denied . . . .

(Mot., Ex. 1 at 5).

### C. This Action

Petitioners filed this action seeking to have the Arbitration Award Confirmed pursuant to the Federal Arbitration Act ("FAA"). 9 U.S.C.A. § 9 (West 1996). This matter is presently before the Court on National Casualty's motion to dismiss for lack of subject matter jurisdiction.

## II. Analysis

The FAA permits a court to confirm an arbitration award pursuant to the arbitration agreement. 9 U.S.C.A. § 9. Section 9, however, does not provide an independent basis for subject matter jurisdiction and, absent another source of jurisdiction, the parties must establish diversity under 28 U.S.C.A. § 1332(a) (West 2006). *See Ford v. Hamilton Investments, Inc.*, 29 F.3d 255, 257 (6th Cir. 1994). Diversity jurisdiction requires that the parties be citizens of different states, and that the amount in controversy exceeds $75,000, exclusive of costs. 28 U.S.C.A. § 1332(a). Petitioners advance two arguments for why this Court has jurisdiction, first that the Court retained jurisdiction from an earlier action to appoint an umpire, and second that the Court has diversity jurisdiction based on the amount sought in the arbitration. Neither of these arguments are availing.

### A. Retained Jurisdiction

Petitioners first argue that this Court retains jurisdiction because of the 2005 decision in which it dismissed National Casualty's action for appointment of an umpire. (Resp. at 5). Subject matter jurisdiction, however, was not addressed in that action, nor did this Court compel arbitration. Rather, it interpreted the parties' arbitration contract and dismissed according to the contract's terms. Thus, Petitioners' reliance on *Smiga v. Dean Witter Reynolds, Inc.*, 766 F.2d 698, 705 (2d Cir. 1985), and *Allen Group, Inc. v. Allen Deutschland GMBH*, 877. F.Supp. 395, 399 (W.D. Mich. 1994), is misplaced.

In *Smiga*, the plaintiff brought an complaint alleging eight causes of action including sexual harassment under Title VII, and various other actions that had previously been submitted to an arbitrator under an arbitration agreement to which both Smiga and her employer were parties. *Smiga*, 766 F.2d at 701-02. When Smiga sought a preliminary injunction to stay the arbitration, the district court denied the motion, and noted the strong public policy in favor of the arbitration of disputes. *Id.* at 702. The Court of Appeals for the Second Circuit viewed this denial as the functional equivalent of compelling arbitration. *Id.* at 705 As a result, the court of appeals held that the trial court retained jurisdiction over the subsequent action. *Id.* at 702-05.

In *Allen Group*, the United States District Court for the Western District of Michigan held that it had "the authority to confirm the arbitration award and enter judgment in spite of the fact that the Court did not specifically retain jurisdiction in the Consent Judgment which referred the matter to AAA arbitration." *Allen Group*, 877 F.Supp. at 399. The court did not explicitly retain jurisdiction but it did have an independent basis of jurisdiction at the outset, and "[a]lthough the document submitted by the parties was entitled 'Consent

4

Judgment,' it did not fully dispose of the case." *Id.* at 396. The *Allen Group* court merely followed the rule set forth in *Smiga* that, "if a court is originally seized with jurisdiction of a case and issues an order compelling arbitration, that court's jurisdiction continues with respect to subsequent motions to confirm or vacate." *Id.* At 399 (citing *Smiga*, 766 F.2d at 706). Here, the 2005 action was disposed of with this Court neither ordering arbitration, nor retaining jurisdiction. Instead, this Court dismissed the action based on the arbitration agreements' terms, leaving the parties to seek relief in state court. (9/20/05 Order Granting Resp't's Mot. to Dismiss Pet. for Appointment of an Umpire, No. 05-71843). While Petitioners maintain that the dismissal advanced the litigation by referring the parties to state court, this Court merely noted that relief was likely available in state court by virtue of the parties' agreement. *Id.* Because this Court did not issue an order compelling arbitration, jurisdiction is not retained from the earlier action.

Petitioners further argue that an unpublished Sixth Circuit case also bears on the issue. In *Mitchell v. Ainbinder*, 214 Fed. Appx. 565 (6th Cir. 2007) (unpublished), the court held that it had diversity jurisdiction where the petitioner sought to reopen a no-money award. *Id.* at 566; *cf. Ford*, 29 F.3d at 260 ("Mr. Ford claimed more than [the jurisdictional minimum] against Hamilton Investments, but he never asked the district court to order that the arbitrators reopen his claim against Hamilton Investments; all he sought from the district court was the vacation of an award that fell short of the jurisdictional amount . . . ."). Here, Petitioners seek to confirm an award as did the respondent in *Ford*. Neither party seeks to reopen the award as the petitioner did in *Mitchell*, and thus *Mitchell* is inapplicable to the present case.

5

Petitioners also argue that National Casualty is foreclosed from arguing that the Court lacks jurisdiction based on its position in the 2005 action petitioning this Court to appoint an umpire. (Resp. at 3-4). While National Casualty did take the position that the amount in controversy exceeded $75,000, subject matter jurisdiction cannot be conferred by estoppel. *See American Fire & Casualty Co. v. Finn*, 341 U.S. 6 (1951) (holding that a litigant who improperly removed from state court to federal district court could not then be estopped from arguing that the court lacked subject matter jurisdiction) (superseded by statute on other grounds). On the contrary, a court may dismiss an action on the motion of the parties, or *sua sponte,* when it becomes evident that it lacks subject matter jurisdiction. *Franzel v. Kerr Manufacturing Co.*, 959 F.2d 628, 630 (6th Cir. 1992). Furthermore, the parties themselves may not accede or agree to subject matter jurisdiction. *California v. LaRue*, 409 U.S. 109, 112 n.3 (1974).

### B. Amount in Controversy

Petitioners next argue that diversity jurisdiction exists because the amount in controversy is determined by the amount sought in the arbitration, rather than the amount of the arbitration award. (Resp. at 7). National Casualty, on the other hand, argues that, as stated by the Sixth Circuit, "[a] claim involving less than the statutorily-established minimum cannot trigger diversity jurisdiction." *Ford*, 29 F.3d at 260.

The longstanding federal practice of determining the amount in controversy for the purpose of section 1332 is to look to the complaint, "unless it appears or is in some way shown that the amount stated in the complaint is not claimed 'in good faith.'" *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961) (citing St*. Paul Mercury Indemnity Co. v.*

6

*Red Cab Co.*, 303 U.S. 283, 288 (1938)). A district court will determine if it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury*, 303 U.S. at 289.

Where a party seeks to confirm an arbitration award, the amount in controversy is necessarily the amount of the award that is sought to be confirmed. *Ford*, 29 F.3d at 259-60. In *Ford*, the plaintiff sought to have an arbitration award vacated. *Ford*, 29 F.3d at 257. The defendants responded on the merits and moved to have the arbitration award confirmed; the trial court denied plaintiff's motion and confirmed the arbitration award. *Id.* On appeal, the Sixth Circuit held that the trial court did not have jurisdiction over the action such that they could confirm the arbitration award. *Id.* at 260. The court found that because the arbitration award did not exceed the then-$50,000 jurisdictional requirement found in 28 U.S.C.A. § 1332(a), diversity jurisdiction did not exist. *Id.*

Petitioners attempt to distinguish *Ford* on several grounds. First, they argue that because the *Ford* decision arose from a motion to vacate an arbitral award, rather than a motion to confirm one, the reasoning does not apply. (Resp. at 7). The defendant in *Ford* did, however, file a cross-motion to have the arbitral award confirmed, and in fact the trial court granted that motion. *Ford*, 29 F.3d at 257. The only difference, then, is the sequence of events. Petitioners provide no principled basis for treating a motion to vacate differently than a motion to confirm for the purposes of determining whether subject matter jurisdiction exists. Section 1332 applies with equal force to both actions, as does the principle that the court shall dismiss actions when it becomes clear that subject matter jurisdiction does not exist over them. *Franzel*, 959 F.2d at 630. Additionally, there does not appear to be any

principled reason for treating motions to vacate any differently from motions to confirm in determining the amount in controversy. In both instances, jurisdiction is premised on a sum certain arbitral award. Even were there a meaningful difference between *Ford* and the instant case, the manner utilized by the *Ford* court of determining the amount in controversy should apply wherever the action involves an underlying arbitral award.

Secondly, Petitioners argue that "*Ford* is a fact-specific decision based on a 'thin' set of facts and [that] suggests that any variation in those facts could have resulted in another decision." (Resp. at 9). While the *Ford* court did find the trial court record 'thin,' *Ford*, 29 F.3d at 256 n.1, there is no reason to conclude that the size of the factual record somehow affects the degree to which a given opinion is fact-specific. Additionally, the only difference between *Ford* and this case is that the *Ford* motion to confirm came subsequent to an action brought to vacate the arbitral award rather than independently. Petitioners do not suggest any reason why this fact should change the outcome, nor is one readily apparent.

Petitioners' reliance on decisions from other jurisdictions is misplaced. *See Doctor's Associates, Inc. v. Stuart*, 11 F.Supp.2d 221, 224 (D.Conn. 1998) (finding subject matter jurisdiction over an arbitral award of no liability where the court had previously entered an order compelling the arbitration); *North American Thought Combine, Inc. v. Kelly*, 249 F.Supp.2d 283, 285 (S.D.N.Y. 2003) ("[T]he amount in controversy is the value of the award itself to the petitioner."); *Sierra v. Bally Total Fitness Corp.*, No. 1:06-CV-01688-ENV-MDG, 2007 WL 1028937 at *3 (E.D.N.Y. Mar. 30, 2007) (finding subject matter jurisdiction over an arbitral award of no liability); *see also Karsner v. Lothian*, 532 F.3d 876, 882-84


(D.C. Cir. 2008) (identifying and discussing the circuit split generally). This court is bound by the Sixth Circuit's decision in *Ford*, and will look to the arbitration award to determine if diversity jurisdiction is proper. The award has two components relevant to that determination.

### 1. Monetary Award

Conclusion number one of the arbitration award provides that the Petitioners are not required to indemnify National Casualty, and thus no damages were awarded. (Mot., Ex. 1 at 5). An award of less than the amount required by 28 U.S.C.A. § 1332 will not provide a basis for diversity jurisdiction, even where more is sought by the parties in the arbitration. *Ford*, 29 F.3d at 260.

### 2. Declaratory Relief

The second conclusion of the arbitration award states that the panel's reasoning will apply to future disputes. Most notably, this refers to the conclusion that the arbitral panel came to regarding the "per occurrence" language found in the arbitration agreements. The panel determined that the "per occurrence" language in the agreements meant exactly that, and declined to adopt National Casualty's argument that "losses suffered in a given year by an original insured are to be treated as 'one accident or occurrence.'" (Mot., Ex. 1 at 2). The panel's interpretation of "per occurrence," will thus apply in future disputes.

Petitioners do not attempt to show that this declaratory relief has any real value. As a result, the Court has not been provided with appropriate facts to conclude that the declaratory relief meets the jurisdictional minimum, and does not need to determine what value to ascribe to such relief.

Finally, it should be noted that this Court's determination that it lacks jurisdiction over this matter does not amount to a complete denial of relief. As National Casualty notes, the parties are free to seek to have the award confirmed in a state court of competent jurisdiction. (Reply at 5). Furthermore, while public policy does weigh heavily in favor of arbitration and the enforcement of those awards, that consideration alone does not overcome the requirement of jurisdiction. Had Congress intended that result, it would have provided an independent basis of jurisdiction within the FAA.

**Conclusion**

For the foregoing reasons, the National Casualty's motion to dismiss for lack of subject matter jurisdiction is GRANTED.


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  February 3, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 3, 2009, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager